# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CEDRIC BERTRON THEUS,<br><br>   Petitioner,<br><br>vs.<br><br>STATE OF IOWA,<br><br>   Respondent. | No. C14-4117-MWB<br><br>**ORDER** |

This matter is before the court pursuant to the petitioner's application for a writ of habeas corpus (docket no. 1), application for appointment of counsel (docket no. 2) and application to proceed in forma pauperis (docket no. 3). The petitioner submitted those applications on December 8, 2014. The petitioner paid the required $5.00 filing fee. *See* 28 U.S.C. § 1914.

With respect to the application to proceed in forma pauperis, the petitioner asserts, among other things, that he has $1,476.59 in his account. Further, the petitioner already paid the filing fee, and it is highly unlikely that the petitioner will incur significant additional costs in light of the nature of habeas corpus proceedings. Accordingly, the petitioner's application to proceed in forma pauperis shall be denied. Additionally, in light of the record, the court concludes that the assistance of counsel is not warranted. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Accordingly, the petitioner's application for appointment of counsel shall be denied.

Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct an initial review of the application for a writ of habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application for a writ of habeas corpus and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

Having considered the record, the court concludes that the petitioner's application for a writ of habeas corpus is untimely. It is clear that the statute of limitation started to run in 1998, that is, the year in which all of the petitioner's direct appeal proceedings concluded and his conviction for murder in the first degree became final. *See Theus v. State*, No. 4-050/13-0773, 847 N.W.2d 237, 2014 Iowa App. LEXIS 283 (Iowa Ct. App. 2014); *State v. Theus*, Case No. FECR046375 (Woodbury Cnty. Dist. Ct. 1996).[1] Although the petitioner filed multiple state post-conviction relief proceedings since 1998, over one year passed without any portion of the applicable period being tolled. *See Theus v. State*, Case No. PCCV148320 (Woodbury Cnty. Dist. Ct. 2013) (4/24/2012 to 6/17/2014); *Theus v. State*, Case No. PCCV143424 (Woodbury Cnty. Dist. Ct. 2011) (11/3/2010 to 6/2/2011; *Theus v. State*, Case No. PCCV134472 (Woodbury Cnty. Dist. Ct. 2007) (9/21/2006 to 12/28/2009); *Theus v. State*, Case No. PCCV126451 (Woodbury Cnty. Dist. Ct. 2003) (2/18/2003 to 2/11/2005); *Theus v. State*, Case No. PCCV118233 (Woodbury Cnty. Dist. Ct. 2001) (2/17/1999 to 6/21/2002). Indeed, the petitioner did not

---

[1] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

pursue any type of state post-conviction relief for at least four years. *See* 28 U.S.C. § 2244(d)(1)(A); 28 U.S.C. § 2244(d)(2).

Further, no other properly filed state post-conviction relief proceeding overcomes the one-year period of limitation. The petitioner filed his fifth state post-conviction relief action on April 24, 2012. In such action, the petitioner asserted two grounds. Namely, the petitioner asserted that (1) the jury was improperly instructed in light of a September 4, 2009 decision by the Iowa Supreme Court and (2) the State failed to disclose the existence of a delinquent act that one of the State's witnesses committed as a juvenile. *See Theus v. State*, No. 4-050/13-0773, 847 N.W.2d 237, 2014 Iowa App. LEXIS 283 (Iowa Ct. App. 2014). The courts of Iowa, however, concluded that the three-year statute of limitation, *see* Iowa Code § 822.3, barred the petitioner from obtaining post-conviction relief on either ground. *Id*. The petitioner now asks the court to review the appropriateness of the jury instruction and the failure to disclose a record. But, even if the petitioner asserted that the one-year period started to run on "the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence", 28 U.S.C. § 2244(d)(1)(D),[2] rather than "the date on which the judgment became final", 28 U.S.C. § 2244(d)(1)(A), an adequate and independent basis bars review of the petitioner's claims under 28 U.S.C. § 2254(d).[3] Specifically, the court is precluded

---

[2] Because the petitioner waited more than one year to seek state post-conviction relief based on a September 4, 2009 decision by the Iowa Supreme Court and the existence of a juvenile record is a matter of public record, the likelihood of the petitioner being able to rely on 28 U.S.C. § 2244(d)(1)(D) is remote.

[3] Given the fact that the courts of Iowa relied on Iowa Code section 822.3 to resolve the fifth state post-conviction relief action, the petitioner's procedurally defaulted claims cannot be considered by the court. Stated differently, the court must ordinarily refrain from reviewing any issue that a state court has already found to be defaulted on an adequate and independent state-law basis. *See Cagle v. Norris*, 474 F.3d 1090, 1098 (8th Cir. 2007) (determining that review of procedurally barred claim is limited); *Bailey v.*
(continued…)

from considering the petitioner's claims because the courts of Iowa already determined that the three-year statute of limitation contained in Iowa Code section 822.3 barred the petitioner from obtaining post-conviction relief. Accordingly, the petitioner's application for a writ of habeas corpus (docket no. 1) shall be denied. Judgment shall be entered in favor of the respondent. As for a certificate of appealability, the petitioner has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The petitioner's application to proceed in forma pauperis (docket no. 3) is denied.

(2) The petitioners' application for appointment of counsel (docket no. 2) is denied.

(3) The petitioner's application for a writ of habeas corpus (docket no. 1) is denied.

(4) The clerk's office is directed to enter judgment in favor of the respondent.

---

[3](…continued)
*Mapes*, 358 F.3d 1002, 1004 (8th Cir. 2004) (concluding that district court correctly found that petitioner's claims were procedurally defaulted and barred unless he could show "cause" and "actual prejudice" for the procedural default"); *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) (explaining that a district court is precluded from considering any issue that a state court has already resolved on an independent and adequate state-law basis, including a state court determination that a claim has been lost because of default); *Murray v. Hvass*, 269 F.3d 896, 898-99 (8th Cir. 2001) (same); *Owsley v. Bowersox*, 234 F.3d 1055, 1058-59 (8th Cir. 2000) (same); *Burr v. Snider*, 234 F.3d 1052, 1055 (8th Cir. 2000) (same). And, the petitioner is unable to show good cause for his failure to timely present his claims in the courts of Iowa. Any assertion that the petitioner's attorney caused his fifth state post-conviction relief application to be filed late is insufficient to overcome the procedural bar. *See Sasser v. Hobbs*, 735 F.3d 833, 851 (8th Cir. 2013) (explaining that there is a "narrow exception" to the rule that ineffective assistance of counsel in a state post-conviction relief proceeding does not provide cause to excuse procedural default); *Grubbs v. Delo*, 948 F.2d 1459, 1467-68 (8th Cir. 1991) (discussing error of attorney on state post-conviction appeal).

(5) A certificate of appealability is denied.

**DATED** this 5th day of February, 2015.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA